UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PHILIP J. BARR,           :
                          :
        Plaintiff         :   CIVIL NO. 1:CV-00-2174
                          :
    v.                    :   (Judge Kane)
                          :
MUNLEY, ET AL.,           :   (Complaint Filed 12/13/00)
                          :
        Defendants        :

FILED
HARRISBURG, PA

**MEMORANDUM**

MAY 14 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

**BACKGROUND**

Before the court is a pro se civil rights complaint filed under 42 U.S.C. § 1983 by Philip J. Barr, who is currently incarcerated at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Barr has sought to proceed in forma pauperis.[1] Barr's complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, portions of the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and (ii), plaintiff's various pending motions will be denied as premature,[2] and plaintiff's surviving Eighth

---

[1] Barr completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the warden at his present place of confinement to commence deducting the full filing fee from plaintiff's prison trust fund account. Plaintiff's motion to proceed in forma pauperis is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

[2] Since filing his second complaint, Barr has filed, and briefed, two (2) motions for summary judgment. (Civ. No. 1:CV-00-2174, Docs. 6, 7, 14 and 15). The court denied Barr's January 2, 2001 motion without prejudice as premature as the action had not been screened pursuant to 28 U.S.C. § 1915, and consequently the defendants have not been served with the complaint. (Id., Doc. 9). Since that screening has taken place, by way of this Memorandum and accompanying Order, Barr's Second Motion for Summary Judgment (Id., Doc. 14) is also denied without prejudice as premature as the remaining defendants have not been served with the complaint. For similar reasons,

Certified from the record
Date 5-14-01
Mary E. D'Andrea, Clerk
Per _George ?ardne_

Amendment excessive use of force claim against defendants Davis and Mitchell be consolidated with Civ. No. 3:CV-00-1466 pursuant to Fed.R.Civ.P. 42(a).

Barr names the following individuals as defendants: (1) the Honorable James M. Munley, United States District Judge; (2) Thomas Ridge, Governor of the Commonwealth of Pennsylvania; (3) Martin Horn, Commissioner of the Pennsylvania Department of Corrections; (4) R.W. Meyers[3], Superintendent of SCI-Rockview; (5) Lt. Larry Davis; (6) Corrections Officer (CO) Mitchell; (7) CO Whitman; (8) CO Gaertner; and (9) CO Wakefield. Barr's Statement of Claim in this action, in its entirety, reads as follows (including all spelling and grammatical errors):

> I was assaulted by Davis and Mitchell for no reason. Two ribs were busted ... Ridge needs to better control his animals so now he's responsible! Games were played by and I was ignored by: Munley, Horn, Myers, Gaertner, Whitman and Wakefield. Now don't sing it -- bring it chumps ... you got homefield advantage -- a corrupt courtroom; there's more than nine of you against one, now; better odds than when I was assaulted 2-on-one with my hand busted prior to the assault to begin with. The bottom line is this -- ain't noone running off to 1600 Penn Ave anytime soon: time we picked 12!!!!!

Barr seeks one billion dollars in damages. (Doc. 1).

---

Barr's pending motions to subpoena medical x-rays and to subpoena evidence (Docs. 12 and 13) will be denied without prejudice as premature.

[3]Barr identifies "R W Myers" as the "Super @ SSCI-R" (Doc.1). Plaintiff incorrectly spells the Superintendent's last name. R.W. Meyers is the Superintendent at SCI-Rockview.

-2-

**DISCUSSION:**

I.   Dismissal of the Action Against Defendants Munely, Ridge, Horn, Meyers, Gaertner, Whitman and Wakefield Pursuant to 28 U.S.C. §1915 Screening

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490. 319, 327-28 (1989); Wilson v. Rackmill, 878 F. 2d 772, 774 (3d Cir. 1989).[4] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of plaintiff's constitutional rights; liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F. 2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown,

---

[4] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

-3-

via the complaint's allegations, to have been personally involved in the events or occurrences which underlie the claim. See Rizzo v. Goode, 423 U.S. 362 (1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

In the instant case, ~~the Court is of the view that~~ Barr's scant pleading can be summarized as an Eighth Amendment claim of excessive use of force. An application of the above standards to Barr's complaint clearly shows that he has failed to set forth a cognizable claim against defendants Munley, Ridge, Horn, Meyers, Gaertner, Whitman and Wakefield in this regard. Barr's only assertion against these defendants is that he was "ignored" by them. Plaintiff's complaint, with respect to these defendants, does not state with the appropriate particularity any personal knowledge or acquiescence on their part in the alleged assault by defendants Davis and Mitchell. Plaintiff's allegations in his complaint are simply not enough to suggest that any of these defendants was deliberately indifferent to his health or safety, a required component of an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. 825, 847 (1994). Barr completely fails to identify how defendants Munley, Ridge, Horn, Meyers, Gaertner, Whitman and/or Wakefield's actions or inactions deprived him of any constitutional or federal statutory rights, which he must do to establish a cause of action under § 1983. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Thus, his claims against defendants Munley, Ridge, Horn, Meyers, Gaertner, Whitman and Wakefield's will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

Moreover, Barr's statement that "Ridge needs to better control his animals so now

he's responsible!" (Doc. 1) is clearly an attempt to establish liability against Governor Ridge solely on the basis of <u>respondeat</u> <u>superior</u>. For the reasons cited *supra*, dismissal in favor of Governor Ridge is appropriate for this reason as well.

Likewise, there exists reasoning for dismissing Barr's claim for monetary relief against United States District Judge James Munley -- this claim is absolutely barred by the doctrine of judicial immunity. "The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 768 (3d Cir. 2000). The Supreme Court has stated that this grant of immunity is warranted because:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have... If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

<u>Forrester v. White</u>, 484 U.S. 219, 226-27 (1988). Further, a judge does not forfeit that immunity simply because an action taken was erroneous, done maliciously or exceeded his authority. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978). However, judicial immunity does not apply to nonjudicial actions or to actions that, while judicial in nature, are taken in the complete absence of jurisdiction. <u>Gallas</u>, 211 F.3d at 768. "Factors which determine whether an act is a 'judicial act' 'relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 443 (3d Cir. 2000). Moreover, where a court has some subject matter jurisdiction, there will be sufficient jurisdiction for purposes of judicial immunity. <u>Id.</u> at 443-44.

-5-

Judge Munley is currently presiding over another § 1983 action filed earlier by Barr involving many of the same defendants and the identical legal issue central to the action presently before the court -- Civ. No. 3:CV-00-1466. (See Civ. No. 3:CV-00-1466, Doc.1).[5] There is no reason advanced by Barr to find that Judge Munley allegedly acted outside of his judicial capacity in his handling of Barr's initial action, Civ. No. 3:CV-00-1466. Accordingly, judicial immunity precludes Barr's claims against Judge Munley for monetary relief and this claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

With the dismissal of the defendants Munley, Ridge, Horn, Meyers, Gaertner, Whitman and Wakefield from this action pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and (ii), the sole surviving claim in this action is the Eighth Amendment claim of excessive use of force against defendants Davis and Mitchell for their alleged February 6, 1999, assault of Barr at SCI-Rockview.

II.       Consolidation of remaining claims with Barr's initial action, Civ. No. 3:CV-00-1466 Pursuant to Fed.R.Civ.P. 42(a).

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Based upon the reasoning set forth above, the sole remaining claim of Barr's present action is limited to an Eighth Amendment claim of excessive use of force against corrections

---

[5] Although Barr does not identify in his complaint the date of the alleged assault by Davis and Mitchell, the court takes judicial notice of the following admission by Barr in connection with his motion for summary judgment in this case: "I was assaulted ... at SCI-Rockview on February 6, 1999." (Civ. No. 1:00-CV-2174, Doc.7, ¶ 3).

-6-

officers Davis and Mitchell. This lone claim bears a striking resemblance to Barr's claims against these same defendants in his initial action, Civ. No. 3:CV-00-1466. (Civ. No. 3:CV-00-1466, Doc.1).[6] Therefore, as the remaining claim and defendants in this case involve common factors of law and fact asserted in his initial action, Civ. No. 3:CV-00-1466, they should be consolidated pursuant to Fed. R.Civ. P. 42(a). Consequently, this Court will order the consolidation of the two (2) actions pursuant to Rule 42(a) and direct that the consolidated action proceed under plaintiff's initially filed action, Civ. No. 3:CV-00-1466.[7] An appropriate Order is attached.

_____
YVETTE KANE
United States District Judge

Dated: May 14, 2001

YK:pdt

---

[6] "'6 Feb 99 Mitchell, Davis assaulted me for absolutely no reason at all." (See Civ. No. 3:CV-00-1466, Doc.1, Statement of Claim, ¶ 1).

[7] It is customary for the court to assign second and successive new complaints filed by a litigant to the judge assigned to the plaintiff's initial lawsuit. However, in this case, since Barr names Judge Munley as a defendant, this practice was not followed and the underlying action was assigned to a different judge. However, finding no factual or legal merit to Barr's claims against Judge Munley, there is no reason this case should not be consolidated with Barr's initial action, Civ. No. 3:CV-00-1466.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PHILIP J. BARR, :
:
    Plaintiff : CIVIL NO. 1:CV-00-2174
:
v. : (Judge Kane)
:
MUNLEY, ET AL., : (Complaint Filed 12/13/00)
:
    Defendants :

FILED
HARRISBURG, PA
MAY 14 2001
MARY E. D'AND..., CLERK
PER _____
DEPUTY CLERK

## ORDER

NOW, THIS 14th DAY OF MAY, 2001, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The motion to proceed in forma pauperis (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

2. The complaint against defendants Munley, Ridge, Horn, Meyers, Gaertner, Whitman and Wakefield's will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and (ii). These defendants are dismissed from this action and should be removed from the caption.

3. Plaintiff's second motion for summary judgment (Doc. 14), motion to subpoena medical x-rays and motion to subpoena evidence (Docs. 12 and 13) are denied without prejudice as premature as the remaining defendants (Davis and Mitchell) have not been served with the complaint.

4. The sole remaining claim in this case is the Eighth Amendment claim of excessive force against defendants Davis and Mitchell.

5. The Clerk of Court is directed to consolidate the sole remaining claim of Barr

v. Munley, et al., Civil No. 1:CV-00-2174 into Barr v. Davis, et al., Civil No. 3:CV-00-1466, pursuant to Federal Rule of Civil Procedure 42(a).

6. The Clerk of Court is directed to close the case of Barr v. Munley, et al., Civil No. 1:CV-00-2174.[8]

7. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

YVETTE KANE
United States District Judge

Dated: May 14, 2001

YK:pdt

---

[8] The dismissal of this action does not relieve Barr of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order, issued December 20, 2000, is binding on the warden of SCI-Pittsburgh and the warden of any correctional facility to which Barr may be transferred.

-2-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 14, 2001

Re: 1:00-cv-02174    Barr v. Munley

True and correct copies of the attached were mailed by the clerk to the following:

```
Philip James Barr
SCI-PITTSBURGH
CW7940
P. O. Box 99901
Pittsburgh, PA  15233
```

```
cc:
Judge                           ( ✓ )        ( ✓ ) Pro Se Law Clerk  Belisario
Magistrate Judge                ( )          ( ) INS
U.S. Marshal                    ( )          ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( ✓ )
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )     Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to: US Atty Gen   ( )   PA Atty Gen ( )
                                        DA of County  ( )   Respondents ( )
Bankruptcy Court                ( )
Other  copy for the file        ( )
```

MARY E. D'ANDREA, Clerk

DATE: 5/14/01                              BY: _____
                                               Deputy Clerk